UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOPEZ, | No. 1:24-cv-00729-SAB (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED |
| v. | (ECF No. 24) |
| CDCR, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

This action proceeds solely against the unknown Defendant at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") for deliberate indifference to Plaintiff's safety. (ECF No. 18.) The Court did not find service appropriate for the unknown Doe Defendant, and allowed Plaintiff to issue a subpoena to SATF in order to identify the Doe Defendant described in the operative complaint. (ECF No. 18.)

On February 21, 2025, Plaintiff completed and returned the subpoena. (ECF No. 19.) On February 25, 2025, the Court directed service of the subpoena by the United States Marshal on the Litigation Coordinator at SATF providing a thirty-day response deadline, i.e. on or before March 27, 2025.1 (ECF No. 20.) The Court directed that any response and/or responsive

1

documents be produced to Plaintiff at his address of record. (Id. at 2.)

On March 27, 2025, Plaintiff filed a motion to compel an answer to the subpoena. (ECF No. 22.) On April 1, 2025, the Court denied Plaintiff's motion to compel, without prejudice, as premature. (ECF No. 23.)

On May 6, 2025, the Court ordered Plaintiff to file a motion to substitute the Doe Defendant within twenty days. (ECF No. 24.) Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421–22.

Here, Plaintiff has been unable to provide sufficient information to identify and locate the Doe Defendant for service of process. Accordingly, this action is subject to dismissal, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Martinez should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying and locating the unknown Doe Defendant.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within twenty (30) days from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

Dated:   **June 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge