1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8

CHRISTIAN LOPEZ,

No.  1:24-cv-00729-SAB (PC)

9

Plaintiff,

ORDER DENYING PLAINTIFF'S MOTION

10

v.

FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE, AND GRANTING TWENTY DAYS TO FILE A MOTION TO

11

CDCR, et al.,

SUBSTITUTE THE DOE DEFENDANT OR RESPONSE AS TO STATUS OF SUBPOENA

12

Defendants.

13

(ECF No. 26)

14          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

15   U.S.C. § 1983.

16          Currently before the Court is Plaintiff's request for appointment of counsel, filed July 7,

17   2025.  Plaintiff argues that he requires appointed counsel to assist with gaining the identity of

18   Defendant John Doe.

19          Plaintiff is advised that he does not have a constitutional right to appointed counsel in this

20   civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require

21   an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for

22   the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the

23   Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113

24   F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will

25   seek volunteer counsel only in the most serious and exceptional cases. In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

28

1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Plaintiff's indigent circumstances, the complexity of the case, and Plaintiff's limited knowledge of the law do not make his case exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Regarding Plaintiff's argument that he requires appointed counsel to assist with identifying Defendant John Doe and service of the complaint, that argument remains premature.

On February 25, 2025, the Court found that Plaintiff's second amended complaint stated a cognizable claim deliberate indifference to his safety against the unknown Defendant at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (ECF No. 18.)  The Court allowed Plaintiff to issue a subpoena to SATF in order to identify the Doe Defendants described in the operative complaint. (ECF No. 18.)  On February 21, 2025, Plaintiff completed and returned the subpoena. (ECF No. 19.)  On February 25, 2025, the Court directed service of the subpoena by the United States Marshal on the Litigation Coordinator at SATF providing a thirty-day response deadline, i.e. on or before March 27, 2025.[1] (ECF No. 20.)  The Court directed that any response and/or responsive documents be produced to Plaintiff at his address of record.  (Id. at 2.)

On March 27, 2205, Plaintiff filed a motion to compel a response from the Litigation Coordinator at SATF, which was self-dated March 24, 2025.  (ECF No. 22.)  On April 1, 2025, the Court denied Plaintiff's motion to compel because it was filed prior to the deadline for a response to the subpoena.  (ECF No. 23.)  The Court noted that "[i]f Plaintiff has not received a response to the subpoena, he may re-file the instant motion to compel setting for such circumstances."  (Id. at 2.)

---

[1] On February 27, 2025, a proof of personal service of the subpoena was returned by the United States Marshal. (ECF No. 21.)

1       Having received no further response from Plaintiff, on May 6, 2025, the Court directed

2 Plaintiff to file a motion to substitute the Doe Defendant within twenty days.  (ECF No. 24.)

3 Plaintiff failed to respond to the Court's order.  Therefore, on June 5, 2025, the Court ordered

4 Plaintiff to show cause why the action should not be dismissed.  (ECF No. 25.)

5       In response, Plaintiff filed the instant motion for appointment of counsel to assist in

6 obtaining the identity of the Doe Defendant.  (ECF No. 26.)  Plaintiff is advised that the Court

7 ordered service of a subpoena duces tecum (AO 88B form) in order for Plaintiff to potentially

8 obtain documentation and/or information helpful to identify the Doe Defendant to then order

9 service by the United States Marshal. (ECF No. 20.)  Plaintiff has not indicated what information,

10 if any, he received from the litigation coordinator in response to the subpoena.  Based on

11 Plaintiff's present motion and in the interest of justice, the Court will discharge the order to show

12 cause and grant Plaintiff additional time to file a motion for substitution or response as to the

13 status of the subpoena duces tecum served on the litigation coordinator.

14       For the foregoing reasons, it is HEREBY ORDERED that:

15     1.    Plaintiff's motion to appoint counsel (ECF No. 26) is HEREBY DENIED, without

16        prejudice;

17     2.    The Court's June 5, 2025, order to show cause (ECF No. 25) is DISCHARGED;

18     3.    Plaintiff is granted twenty days from the date of service of this order to file a

19        motion for substitution or response as to the status of the subpoena duces tecum

20        served on the litigation coordinator; and

21     4.    Failure to respond to this order will result in a recommendation for dismissal of the

22        action, without prejudice.

23

24 IT IS SO ORDERED.

25 Dated:  **July 9, 2025**                   

26               STANLEY A. BOONE

              United States Magistrate Judge

27

28