UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOPEZ,<br><br>             Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>             Defendants. | No. 1:24-cv-00729-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED<br><br>(ECF No. 27) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

## I.

## DISCUSSION

On February 25, 2025, the Court found that Plaintiff's second amended complaint stated a cognizable claim deliberate indifference to his safety against the unknown Doe Defendant at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (ECF No. 18.) The Court allowed Plaintiff to issue a subpoena to SATF in order to identify the Doe Defendants described in the operative complaint. (ECF No. 18.) On February 21, 2025, Plaintiff completed and returned the subpoena. (ECF No. 19.) On February 25, 2025, the Court directed service of the subpoena by the United States Marshal on the Litigation Coordinator at SATF providing a

1  thirty-day response deadline, i.e. on or before March 27, 2025.[1]  (ECF No. 20.)  The Court

2  directed that any response and/or responsive documents be produced to Plaintiff at his address of

3  record.  (Id. at 2.)

4  On March 27, 2205, Plaintiff filed a motion to compel a response from the Litigation

5  Coordinator at SATF, which was self-dated March 24, 2025.  (ECF No. 22.)  On April 1, 2025,

6  the Court denied Plaintiff's motion to compel because it was filed prior to the deadline for a

7  response to the subpoena.[2]  (ECF No. 23.)

8  Having received no further response from Plaintiff, on May 6, 2025, the Court directed

9  Plaintiff to file a motion to substitute the Doe Defendant within twenty days.  (ECF No. 24.)

10 Plaintiff failed to respond to the Court's order.  Therefore, on June 5, 2025, the Court ordered

11 Plaintiff to show cause why the action should not be dismissed.  (ECF No. 25.)

12 On July 7, 2025, Plaintiff filed a motion for appointment of counsel arguing he was

13 entitled to counsel to assist with obtaining the identify to the Doe Defendant.  (ECF No. 26.)

14 On July 9, 2025, Plaintiff's motion for appointment of counsel was denied, without

15 prejudice, and Plaintiff was granted twenty days to file a motion to substitute the Doe Defendant

16 or a response to the status of the subpoena.[3]  (ECF No. 27.)  Plaintiff has failed to respond to the

17 Court's July 9, 2025, and the time to do has passed.

## II.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff show cause in writing within 14 days of the date of service of this order why sanctions should not be imposed for his failure to comply with the Court's order and the Local Rules, as set forth herein. Alternatively, Plaintiff may comply

---

[1] On February 27, 2025, a proof of personal service of the subpoena was returned by the United States Marshal. (ECF No. 21.)

[2] The Court noted that "[i]f Plaintiff has not received a response to the subpoena, he may re-file the instant motion to compel setting for such circumstances."  (Id. at 2.)

[3] Therein, the Court noted that Plaintiff has not indicated what information, if any, he received from the litigation coordinator in response to the subpoena that was properly served.  (ECF No. 27 at 3.)

2

with this order by filing by that same deadline a motion to substitute the Doe Defendant or a response to the status of the subpoena (ECF No. 27); and

2. The failure to timely comply with this order will result in the recommendation that this action be dismissed, without prejudice, for Plaintiff's failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3