UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOPEZ, | No. 1:24-cv-00729-SAB (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| v. | |
| CDCR, et al., | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION |
| Defendants. | |
| | (ECF No. 28) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On February 25, 2025, the Court found that Plaintiff's second amended complaint stated a cognizable claim deliberate indifference to his safety against the unknown Doe Defendant at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). (ECF No. 18.) The Court allowed Plaintiff to issue a subpoena to SATF in order to identify the Doe Defendants described in the operative complaint. (ECF No. 18.) On February 21, 2025, Plaintiff completed and returned the subpoena. (ECF No. 19.) On February 25, 2025, the Court directed service of

the subpoena by the United States Marshal on the Litigation Coordinator at SATF providing a thirty-day response deadline, i.e. on or before March 27, 2025.[1] (ECF No. 20.) The Court directed that any response and/or responsive documents be produced to Plaintiff at his address of record. (Id. at 2.)

On March 27, 2205, Plaintiff filed a motion to compel a response from the Litigation Coordinator at SATF, which was self-dated March 24, 2025. (ECF No. 22.) On April 1, 2025, the Court denied Plaintiff's motion to compel because it was filed prior to the deadline for a response to the subpoena.[2] (ECF No. 23.)

Having received no further response from Plaintiff, on May 6, 2025, the Court directed Plaintiff to file a motion to substitute the Doe Defendant within twenty days. (ECF No. 24.) Plaintiff failed to respond to the Court's order. Therefore, on June 5, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 25.)

On July 7, 2025, Plaintiff filed a motion for appointment of counsel arguing he was entitled to counsel to assist with obtaining the identify to the Doe Defendant. (ECF No. 26.)

On July 9, 2025, Plaintiff's motion for appointment of counsel was denied, without prejudice, and Plaintiff was granted twenty days to file a motion to substitute the Doe Defendant or a response to the status of the subpoena.[3] (ECF No. 27.) Plaintiff failed to respond to the Court's July 9, 2025 order, and an order to show cause why the action should not be dismissed was issued on September 10, 2025. (ECF No. 28.) Plaintiff has failed to respond to the order to show cause and the time to do so has passed.

///
///
///

---

[1] On February 27, 2025, a proof of personal service of the subpoena was returned by the United States Marshal. (ECF No. 21.)

[2] The Court noted that "[i]f Plaintiff has not received a response to the subpoena, he may re-file the instant motion to compel setting for such circumstances." (Id. at 2.)

[3] Therein, the Court noted that Plaintiff has not indicated what information, if any, he received from the litigation coordinator in response to the subpoena that was properly served. (ECF No. 27 at 3.)

2

# II.

# DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations & citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause...." Id. (internal quotations & citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The ninety-day deadline under Rule 4(m) applies to service on Doe Defendants. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018); Tabi v. Doe, No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

Where a plaintiff has failed to effect service in accordance with Rule 4(m) and has failed to comply with the orders instructing him to identify the defendant, dismissal of a Doe defendant is warranted. See Williby v. California, 276 F. App'x 663, 665 (9th Cir. 2008) (holding district court's sua sponte dismissal of Doe defendants was merited where plaintiff had failed to identify defendants within allotted discovery period); see also Flowers v. Toon, No. 1:19-cv-01027-JLT-

3

1  CDB (PC), 2023 WL 2347687, at *2 (E.D. Cal. Mar. 3, 2023) (finding plaintiff was afforded
2  "ample time and opportunity to identify, substitute, and serve the Doe defendants" and denying
3  reconsideration of the dismissal of Does 1-3); West v. Federal Bureau of Prisons, No. 1:09-CV-
4  01277-LJO-GBC (PC), 2012 WL 893779, at *4 (E.D. Cal. Mar. 15, 2012) (recommending
5  dismissal of Defendant Doe 3 because plaintiff was afforded "sufficient opportunity to pursue
6  discovery to identify Doe Defendants" but failed to do so within prescribed period).

   Here, the Court issued a subpoena so that Plaintiff could request documents that will help him identify the Doe Defendants, the subpoena was served, and the Court required a response within thirty days.  However, Plaintiff has failed to provide any information as to the status of the response to his subpoena and the deadline to file a motion to substitute has passed.  The Court's January 23, 2025, order explained to Plaintiff that the United States Marshals Service cannot serve Doe defendants and that it is his obligation to identify the Does so that service could be effected. (ECF No. 18 at 1-2.)  Plaintiff was also warned of the potential dismissal of these Doe Defendants: "Plaintiff has ninety (90) days from the date of service of this order to file a motion to substitute a named Defendnant in place of the Doe Defendant."  (Id. at 2.)  The Court thereafter extended the time for Plaintiff to file a motion to substitute (ECF Nos. 23, 27), but he has failed to do so.  Because Plaintiff has failed to identify the Doe Defendants and to request substitution, or to otherwise establish that service of Does can be accomplished, dismissal of the action is warranted. Walker, 14 F.3d at 1421-22; Williby, 276 F. App'x at 665; West, 2012 WL 893779, at *4.

## III.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The Doe Defendants be dismissed from this action, without prejudice, because of Plaintiff's failure to provide the Court and the Marshal with accurate and sufficient information to effect service of the summons and complaint on the Doe

1          Defendants within the time period prescribed by Federal Rule of Civil Procedure

2          4(m); and

3     2.   The Clerk of Court be directed to close this case.

4     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge