UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOPEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>            Defendants. | No. 1:24-cv-00729-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANT WITHOUT PREJUDICE; DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDERS<br><br>Doc. 30 |

Plaintiff Christian Lopez is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2025, the assigned magistrate judge issued an order finding that plaintiff's second amended complaint stated a cognizable claim for deliberate indifference to safety against an unknown defendant at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). Doc. 18. The magistrate judge's order allowed plaintiff to subpoena documents from SATF to identify the Doe defendant so that service could be made on the defendant. Doc. 18. Plaintiff was provided 90 days to file a motion to substitute a named defendant in place of the Doe defendant. *Id.* at 1–2. Plaintiff was warned that if he was not able to identify the Doe defendant, this action would be dismissed without prejudice. *Id.* at 2.

1

1      On February 21, 2025, plaintiff filed a subpoena for service.  Doc. 19.  On February 25,
2  2025, the magistrate judge directed service of the subpoena by the United States Marshal on the
3  Litigation Coordinator at SATF, providing for a thirty-day response deadline by the Litigation
4  Coordinator.  Doc. 20.  On March 27, 2025, the Court received from plaintiff a motion to compel
5  a response to the subpoena—dated March 24, 2025—which was denied without prejudice as
6  premature.[1]  Docs. 22, 23.  Plaintiff did not file a subsequent motion to compel or a motion to
7  substitute the Doe defendant.  *See* docket.  Thereafter, on May 6, 2025, the magistrate judge
8  directed plaintiff to file a motion to substitute the Doe defendant within 20 days.  Doc. 24.  After
9  plaintiff failed to respond to that order, on June 5, 2025, the magistrate judge ordered plaintiff to
10 show cause why the action should not be dismissed.  Doc. 25.

11     On July 7, 2025, the Court received from plaintiff a motion to appoint counsel—dated
12 May 14, 2025—in which plaintiff requested assistance from the Federal Bar Association to
13 identify the Doe defendant.  Doc. 26.  On July 9, 2025, the magistrate judge denied plaintiff's
14 motion for appointment of counsel without prejudice, discharged the June 5, 2025 order to show
15 cause, and granted plaintiff 20 days to file a motion to substitute the Doe defendant or a response
16 as to the status of the subpoena.  Doc. 27.  Plaintiff did not respond to the Court's July 9, 2025
17 order.  *See* docket.  Subsequently, on September 10, 2025, the magistrate judge ordered plaintiff
18 to show cause within 14 days why the action should not be dismissed, or alternatively, file by the
19 same deadline a motion to substitute the Doe defendant or a response as to the status of the
20 subpoena.  Doc. 28.  Plaintiff failed to respond to the September 10, 2025 order to show cause.
21 *See* docket.

22     On October 15, 2025, the magistrate judge issued findings and recommendations
23 recommending that the Doe defendant be dismissed from this action, without prejudice, because
24 of plaintiff's failure to provide the Court and the Marshal with accurate and sufficient

---

[1] In the motion to compel, plaintiff states that he received a response to the subpoena on or about February 27, 2025, providing "no such history existed in phone call history."  Doc. 22 at 1. Plaintiff explains that there was a typographical error in the subpoena he submitted which incorrectly reflected the date in question as September 10, 2022, when the correct date should have been August 10, 2022.  *Id.*  The second amended complaint reflects that August 10, 2022, is the date plaintiff intended to include in the subpoena.  Doc. 17 at 7.

information to effect service of the summons and complaint within the time prescribed by Federal Rule of Civil Procedure 4(m). Doc. 30. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were due within 14 days after service. *Id.* at 5. No objections were filed and the time to do so has passed. *See* docket.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. After reviewing the file, the Court finds the findings and recommendations are supported by the record and proper analysis. Although plaintiff provided some information regarding the date he intended to include on the subpoena, he did not take subsequent steps to effectuate service by, for example, requesting that a subpoena be reissued after the deadline for SATF to respond expired. Notably, plaintiff did not respond to the Court's July 9 and September 10, 2025 orders, and his last communication with the Court was dated May 14, 2025. Accordingly, dismissal of this action is also warranted due to plaintiff's failure to prosecute and failure to obey court orders.

In determining whether to dismiss an action as a sanction, the relevant considerations are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the public's interest in expeditiously resolving this litigation and the Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent authority to manage their dockets without being subject to noncompliant litigants). As to the third factor, the risk of prejudice to any defendants who may be identified also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the defendant. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).

While the fourth consideration, that public policy favors disposition of cases on their merits, generally weighs against dismissal, here it lends little support "to a party whose

responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff.  *See, e.g.*, *Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action.").  Moreover, plaintiff was already warned in the Court's July 9 and September 10, 2025 orders that his failure to respond to them would result in the dismissal of this action.  *Ferdik*, 963 F.2d at 1262 (district court's warning to a party that his failure to obey will result in dismissal satisfies the "consideration of alternatives" requirement).

Accordingly:

1. The findings and recommendations issued on October 15, 2025, Doc. 30, are adopted in full;
2. The Doe defendant is dismissed without prejudice;
3. This action is dismissed without prejudice due to the lack of a remaining defendant and due to plaintiff's failure to prosecute and failure to obey court orders; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

   Dated:   November 28, 2025

   UNITED STATES DISTRICT JUDGE